**WO**

SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexander Duran Romo, | No. CV 09-1784-PHX-RCB (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff Alexander Duran Romo, who is confined in the Towers Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.[1] The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $6.13. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in the class action Hart v. Hill, now Graves v. Arpaio, No. CV 77-0479-PHX-NVW. No such fund exists. The inmates in Graves asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**JDDL-K**

Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would

undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim with leave to amend because the Complaint may possibly be saved by amendment.

**III.  Complaint**

Plaintiff alleges two counts for excessive use of force and unconstitutional conditions of confinement or denial of basic necessities. Plaintiff sues Maricopa County Sheriff Joseph M. Arpaio and members of the Maricopa County Board of Supervisors: Fulton Brock, Don Stapley, Andrew Kunasek, Max W. Wilson, and Mary Rose Wilcox. Plaintiff seeks compensatory relief.

**IV.  Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.  Failure to Link Any Defendant to Any Alleged Violation**

Although the Defendants may be sued for constitutional violations, Plaintiff fails to state a claim against any of them. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's constitutional

1 rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff has not alleged that any Defendant enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights. Further, Plaintiff has not alleged that any Defendant directly violated his constitutional rights or that any Defendant was aware that Plaintiff's rights were being violated but failed to act. Plaintiff therefore fails to state a claim against any Defendant in his Complaint.

**B.     Excessive Force**

In Count I, Plaintiff alleges the use of excessive force against him. The Fourth Amendment applies to excessive force claims by pretrial detainees, see Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003), while the Eighth Amendment applies to excessive force claims of convicted inmates, see Hudson v. McMillian, 503 U.S. 1, 7 (1992); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Officials acting under color of state law may not maliciously and sadistically use force for the purpose of causing harm. Hudson, 503 U.S. at 7; Watts v. McKinney, 394 F.3d 710, 711 (9th Cir. 2005). To state a claim for excessive force, an detainee must allege facts to support that an official used or caused to be used objectively unreasonable force against him. See Brosseau v. Haugen, 543 U.S. 194, 197 (2004). Analysis of an excessive force claim requires "balancing the 'nature and quality of the intrusion' on a person's liberty with the 'countervailing governmental interest at stake' to determine whether the use of force was objectively reasonable under the circumstances." Drummond v. City of Anaheim, 343 F.3d 1052, 1056 (9th Cir. 2003) (citations omitted); see also Graham, 490 U.S. at 395.

Plaintiff alleges the following facts: On June 30, 2009, he was in a holding cell when two unnamed officers slammed him into a wall and onto the floor resulting in a broken bone in his hand and injury to his head. On July 22, 2009, an officer placed Plaintiff in

disciplinary segregation and pulled the cast off of his wrist.

Absent more, these assertions are not sufficient to support that any officer acted maliciously and sadistically for the purpose of causing Plaintiff harm. With respect to both incidents, Plaintiff does not contend that the officers' conduct was unprovoked or facts to support that the force used was excessive under the circumstances. Further, as discussed above, Plaintiff fails to allege facts to connect the conduct of any of the unnamed officers to any named Defendant. For these reasons, Plaintiff fails to state a claim in Count I.

**B.     Conditions of Confinement**

In Count II, Plaintiff alleges a claim for denial of necessities and unconstitutional conditions of confinement. A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Due Process Clause of the Fourteenth Amendment while a convicted inmate's claims for unconstitutional conditions arises from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520 (1979). Nevertheless, the same standards are applied. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002). That is, a plaintiff must allege facts supporting that he is incarcerated under conditions posing a substantial risk of harm. Farmer, 511 U.S. at 834. Whether a condition of confinement rises to the level of a constitutional violation may depend, in part, on the duration of an inmate's exposure to that condition. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978)).

In addition to alleging facts to support that he is confined in conditions posing a substantial risk of harm, a plaintiff must also allege facts to support that a defendant had a "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in the jail context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts

1 from which the inference could be drawn that a substantial risk of serious harm exists, and
2 he must also draw the inference." Id. at 837. A plaintiff must also allege how he was injured
3 by the alleged unconstitutional conditions. See, e.g., Lewis v. Casey, 518 U.S. 343, 349
4 (1996) (doctrine of standing requires that claimant have suffered or will imminently suffer
5 actual harm); Caswell v. Calderon, 363 F.3d 832, 836 (9th Cir. 2004) (case-or-controversy
6 requirement means that plaintiff must have an actual or threatened injury traceable to the
7 defendant and likely to be redressed by a favorable judicial decision).

Plaintiff alleges the following facts: on July 22, 2009, he was sent to the Lower Buckeye Jail psychiatric ward, where the shower was turned off and the cell had not been properly sanitized. On July 23, 2009, he was transferred to "Psych" where he slept without a mattress until August 4, or approximately 10 days. He further alleges that he did not receive cleaning supplies, a toothbrush or soap, and recreation for fifteen days.

Plaintiff's allegations that the cell at the Lower Buckeye Jail was unsanitary is vague and conclusory. As to the entire claim, Plaintiff fails to allege facts to support that any named Defendant, or anyone else, acted with deliberate indifference to the allegedly unconstitutional conditions of confinement. Therefore, Plaintiff fails to state a claim in Count II.

## V.     Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI. Warnings**

    **A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D. Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a

1 court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis,* filed with the Complaint, is **granted**. (Doc.# 3.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $6.13.

(3) The Complaint (doc.# 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 21st day of October, 2009.

Robert C. Broomfield
Senior United States District Judge